IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**AHMAD RAJAIE ALI,**
**A37-099-162,**

    **Petitioner,**

vs.                                    Case No. 4:07cv380-RH/WCS

**ALBERTO GONZALES,**
**MICHAEL CHERTOFF,**
**MICHAEL ROZOS,**
**DAVID HARVEY, and the**
**U.S. DEPARTMENT OF**
**HOMELAND SECURITY,**

    **Respondents.**

_____/

## ORDER AND REPORT AND RECOMMENDATION

This case was initiated on August 31, 2007, doc. 1, with the *pro se* filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Service was directed on September 20, 2007, doc. 5, and Respondents filed a motion to dismiss, doc. 10, on October 12, 2007.

The habeas petition challenges Petitioner's indefinite detention by Respondents. Doc. 1. Petitioner is a native and citizen of Israel and claims that Respondents are unable "to deport him and will be unable to deport him in the reasonably foreseeable

Case 4:07-cv-00380-RH-WCS   Document 11   Filed 10/17/07   Page 2 of 3

Page 2 of 3

future." Doc. 1, p. 2.  Respondents assert in the motion to dismiss that Petitioner was released from custody of Immigration and Customs Enforcement (ICE) on September 28, 2007.  Doc. 10, p. 1.  Petitioner was released "since the governments of Israel denied to issue Petitioner travel documents."  *Id.*, at 2; *see* exhibit 1.  Therefore, because Petitioner has essentially been afforded the relief he sought, release from detention, this § 2241 petition should now be dismissed as moot.

Respondent's motion to dismiss, doc. 10, contains a certificate of service which indicates the document was provided to Petitioner at his "last known address" which was the Wakulla County Jail.  Presumably, that facility will not forward mail to Petitioner since he has been released, although this order and report and recommendation will be sent there as well.  The attachment to the motion to dismiss,[1] doc. 10, indicates a possible address for Petitioner at 41 NW 203 Ter., Apt. A26, Miami, Florida 33169.  The Clerk of Court will also be directed to provide a copy of this report and recommendation to Petitioner at that location.  If Petitioner does not contest this dismissal, he need not take any further action.  Petitioner shall have a fifteen day period of time in which to file any opposition to this report and recommendation.

**ORDER**

Accordingly, it is

**ORDERED:**

1. The Clerk shall provide a copy of this report and recommendation to Petitioner at his address of record and at the address listed in the Order of Supervision:  41 NW 203 Ter., Apt. A26, Miami, Florida 33169.

---

[1] The attachment is the Order of Supervision for Petitioner, dated August 20, 2007.

Case No. 4:07cv380-RH/WCS

2. Petitioner shall have fifteen days to submit any opposition to this recommendation to dismiss his § 2241 petition as moot.

**REPORT AND RECOMMENDATION**

In light of the uncontested assertion by Respondent, it is respectfully **RECOMMENDED** that the § 2241 petition filed by Petitioner Rajaie Ali be **DISMISSED as moot** since it appears he has been released from detention.

**IN CHAMBERS** at Tallahassee, Florida, on October 17, 2007.


    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.